UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-1011 ODW (DSR) | Date | August 25, 2026 |
| Title | Jose Flores v. Krisi Noem, et al. | Page | 1 of 2 |

Present: The Honorable Daniel S. Roberts, United States Magistrate Judge

| | |
|---|---|
| L. Krivitsky | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY FINAL JUDGMENT SHOULD NOT BE ENTERED ON TERMS OF TEMPORARY RESTRAINING ORDER**

After obtaining counsel in this matter, Petitioner filed a First Amended Petition for Writ of Habeas Corpus on July 30, 2026, and a Third Ex Parte Application for Temporary Restraining Order on August 5, 2026. See Doc. Nos. 34, 39. On August 7, 2026, Judge Wright granted Petitioner's Third Ex Parte Application for a Temporary Restraining Order and ordered Respondents to release Petitioner from custody. See Doc. No. 40. On August 10th, Respondents filed their Answer to the Petition. See Doc. No. 41. Respondents did not address the merits of the Petition at all in their Answer, but instead requested that the Court dismiss the Petition as moot in light of Petitioner's release from custody pursuant to the TRO. Id. Petitioner filed his response on August 13th, arguing that the case is not moot and the Court should enter final judgment granting the Petition. See Doc. No. 42.

Also on August 13th, Petitioner filed a Motion to Enforce the Court's Temporary Restraining Order, arguing that Respondents had imposed new conditions of release on Petitioner when they released him from physical custody, including intensive conditions of supervision and electronic monitoring, which Petitioner claimed violated the TRO. See Doc. No. 43. Respondents filed their Opposition to the Motion to Enforce on August 17th, arguing that the Court's TRO required only physical release and did not prohibit the imposition of new conditions of the type they imposed on Petitioner. See Doc. No. 45. Petitioner filed his Reply to that Opposition on August 19th. See Doc. No. 46.

On August 24, 2026, Judge Wright entered an Order in which he clarified his ruling on the TRO, stating "Let there be no confusion now – Respondents may not impose conditions on Petitioner's release that he was not subject to prior to his June 13, 2025 detention without affording Petitioner basic due process protections, including prior notice and an opportunity to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-1011 ODW (DSR) | Date | August 25, 2026 |
| Title | Jose Flores v. Krisi Noem, et al. | Page | 2 of 2 |

heard," and ordering Respondents to remove any conditions on Petitioner's release that were not applicable to him as of the date of his detention (June 13, 2025). See Doc. No. 47.

A status conference in the above-referenced matter is hereby set for **September 4, 2026, at 9:00 a.m**. in Courtroom 690 of the Roybal Federal Building and Courthouse. The parties are ordered to show cause at the status conference why the preliminary relief entered by the District Judge should not be converted immediately to a final judgment on the merits for the same reasons and on the same terms provided in the order granting preliminary relief (as clarified in the August 24th Order). See 28 U.S.C. § 2243; Fed. R. Civ. P. 56(f); cf. Fed. R. Civ. P. 65(a)(2).

The parties may discharge this show-cause order by filing a stipulation and proposed judgment granting the 28 U.S.C. § 2241 petition for the same reasons and on the same terms already provided in the District Judge's order granting preliminary relief no later than **September 1, 2026**. If the parties file a stipulation and proposed judgment granting the petition, the parties do not have to appear at the September 4, 2026, status conference.

Nothing in the stipulation and proposed judgment, once entered, should or will be deemed a waiver on appeal of the government's existing documented arguments or positions in this case opposing the granting of federal habeas relief for the reasons and on the terms provided in the order rejecting those arguments or positions and granting preliminary relief.

**IT IS SO ORDERED**.

:

**Initials of Preparer** LK